**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RICO BENTON, PLAINTIFF
ADC #97236

v. 5:19CV00185BSM-JTK

WENDY KELLY, et al. DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I. Introduction

Plaintiff Rico Benton is a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction, who filed this pro se 42 U.S.C. § 1983 action alleging interference with his mail.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

## II. Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

## III. Facts and Analysis

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Plaintiff alleges he received an unsigned notice from the mailroom informing him that they received a package addressed to him which exceeded the three-page limit set forth in the Unit's mail policy. (Doc. No. 4, p. 4) The notice directed him to send an inmate check for $8.75 within forty-five days or it would be destroyed. (Id.) Although Plaintiff tried to speak with Defendants Bolden and Gibson about the issue, he received no response. (Id.) He complains about the three-page limit on mail, and the fact that the mail, which was from his literary agent, was legal in nature and opened outside his presence. (Id.) Plaintiff also sues ADC Director Kelley and Cummins Unit Warden Straughn.

Initially, the Court finds that Defendants Kelley and Straughn should be dismissed,

because Plaintiff does not include any factual allegations against them and it appears he named them based on their supervisory positions. Supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employees' allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993). In this case, Plaintiff does not allege any knowledge or personal involvement by these Defendants with respect to his claims.

The Court also finds that Plaintiff's allegations against Defendants Bolden and Gibson should be dismissed for failure to state a claim, for several reasons. First, he simply alleges that these individuals failed to speak with him about the mail issue, which does not support a constitutional claim for relief. Next, he does not allege that the mail was marked as legal mail, and he admits it was sent from an individual, his literary agent, who is not his attorney. Legal mail is defined as "mail to or from an inmate's attorney and identified as such." Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974). And prison officials may open and inspect non-legal mail for contraband outside of an inmate's presence. Id. In addition, no liability will arise from an isolated instance of opening incoming confidential legal mail without evidence or improper motive or that it resulted in interfering with Plaintiff's access to the courts. Gardner v. Howard, 109 F.3d 427, 430-

431 (8th Cir. 1997). Therefore, even if Plaintiff's mail was identified as legal mail, absent an allegation of improper motive and denial of access to the courts, it does not support a constitutional claim for relief. Finally, Plaintiff does not allege that the mail was destroyed or that someone denied him the right to pay the cost associated with the extra pages sent. Rather, Plaintiff appears to complain about the fact that the prison mail policy limits incoming mail to three pages, without alleging any resulting constitutional injury.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

---

[1]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO RECOMMENDED this 4th day of June, 2019.

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE