**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

RICO BENTON,
ADC #97236                                                                                           PLAINTIFF

5:19CV00185-BSM-JTK

WENDY KELLY, et al.                                                                            DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   Introduction

Plaintiff Rico Benton is a state inmate incarcerated at the Cummins Unit of the Arkansas Division of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his First and Fourteenth Amendment rights. (Doc. No. 2) Defendants Kelly and Straughn were dismissed on September 14, 2020. (Doc. No. 53)

This matter is before the Court on the Motion for Summary Judgment, Brief in Support, and Statement of Facts filed by remaining Defendants Kenny Bolden and Tina

Gibson. (Doc. Nos. 61-63) Plaintiff responded (Doc. No. 65), and Defendants replied. (Doc. No. 66)

## II.     Facts

Plaintiff challenged the return of "legal" mail he sent to his "literary agent" based on the fact that it exceeded the three-page limit set by ADC policy. (Doc. No. 2, p. 4) He also challenged the opening of such mail by Defendants outside of his presence. (Id.) This Court dismissed Plaintiff's Complaint on July 8, 2019, finding that he failed to state a constitutional claim for relief. (Doc. No. 12) On appeal, the United States Court of Appeals, Eighth Circuit, affirmed in part with respect to the Fourteenth Amendment claims and the First Amendment claims against Defendants in their individual capacities, but reversed the dismissal of the First Amendment claims against Defendants in their official capacities and remanded for further proceedings. (Doc. No. 22)

## III.    Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex

3

Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

At issue is the ADC mail policy, Administrative Directive (AD) 18-37, which limits incoming general paper correspondence to three pages due to the increasing use of illegal drugs in the prison.[1] (Doc. No. 61-1, pp. 13-21) According ADC Director Dexter Payne, the mail policy recognizes the importance of allowing inmates to communicate with people outside of prison, but balances that right with the need to limit incoming paper correspondence due to the increased use of illegal drugs. (Id., pp. 1-2) The policy prior to 2017 did not limit the number of pages of general correspondence inmates could receive, but was changed because of a rise in drug-related contraband such as Suboxone strips which were hidden in the seams of envelopes, and K-2 which was passed into the prison through drug-soaked paper.[2] (Id., p. 2) Pursuant to the new policy, all incoming general

---

[1] AD 18-37 superseded AD 17-23, which first established the three-page limit on incoming general correspondence on August 21, 2017. (Doc. No. 61-1)

[2] Suboxone is a prescription medication used for people addicted to opiates. (Doc. No. 61-1, p. 2) Inmates introduced drugs into prison by having mail soaked in liquefied drugs

4

correspondence is photocopied (three pages and the envelope) and then shredded, and the copies are forwarded to the inmates. (Id., p. 3) Any mail that exceeds the three-page limit is treated as contraband and inmates can prevent shredding of that correspondence by paying for return postage within thirty days. (Id.) After the 2017 change in the mail policy, K-2-related incidents decreased by 60 percent, thereby reducing the number of inmates dying due to drug-soaked paper. (Doc. No. 66-1, p. 1) Payne explained that the three-page limit is necessary because photocopying and shredding the thousands of letters received daily by the more than 17,000 inmates in the ADC is time consuming, with an impact on mail room staff and prison resources. (Doc. No. 61-1, p.3) Alternatively, inmates can communicate with family, friends and others outside the prison through electronic mail, which they can view on individually-purchased MP3 players, or which can be sent to the ADC and is downloaded, printed, and distributed through the mail room. (Id., pp. 3-4; Doc. No. 66-1)

Defendants state that Plaintiff's challenge to the policy should be dismissed, because the policy is reasonably related to penological interests of limiting the introduction of drugs into the prison and providing greater safety and security, citing Turner v. Safley, 482 U.S. 78, 89-92 (1987). In addition, alternative means of communication are provided to inmates such as electronic mail, visitation, telephone calls, and the right to send out

---

or having the drugs placed under stamps or smuggled in adhesives. (Id.) K-2 is a street drug which was passed into the prison through drug-soaked paper. (Id.)

unlimited mail and to receive privileged correspondence in letters from attorneys or religious organizations. Defendants note that the policy does not limit the number of letters an inmate can receive, that Plaintiff is not harmed by the policy, and that the impact on unlimited pages of correspondence on mail room staff and prison resources would be cost- and time-prohibitive. Finally, Defendants state that Plaintiff does not propose any alternative which would fully accommodate prisoners' rights at a de minimis cost to the ADC's valid penological interest.

In response, Plaintiff states that the ADC mailrooms have machines to test mail for drugs and that the limitations on the number of pages will not stop the influx of drugs. He also claims the majority of drugs are smuggled into prison by guards in their hair and on other body parts, and that the limitation of the mail violates his constitutional rights.

Prisoners maintain a First Amendment right to communicate with individuals outside of prison, including receiving non-legal mail. Turner, 482 U.S. at 89-92; Davis v. Norris, 249 F.3d 800, 801 (8th Cir. 2001). However, the right is not absolute and limits may be placed on receipt of mail if the regulation is "reasonably related to penological interests." Turner, 482 U.S. at 89. When analyzing a challenged policy, the courts should consider the following four factors: 1) whether the policy is rationally related to a legitimate and neutral penological interest; 2) whether the inmate has an alternative means to exercise the constitutional right; 3) the impact of the accommodation of the inmate's asserted right on prison staff, prisoners, and resources; and 4) the availability of ready

alternatives to the regulation. Id. at 89-91. As noted in the Defendants' filings, the ADC mail policy is neutral by limiting the number of pages and not content, and data establishes a 60 percent decrease in reduction of drug incidents since the inception of the page limits in 2017. (Doc. No. 66-1) The Court finds that the policy is rationally related to limiting drugs and providing greater safety and security in the prison. Controlling contraband in the prison is considered a legitimate security interest. See Dawson v. Scurr, 986 F.2d 257, 260 (8th Cir. 1993), and jail security is a legitimate penological interest. Turner, 482 U.S. at 91.

Next, the Court finds that inmates are provided with numerous alternative ways to communicate with outsiders, such as electronic mail, telephone calls, visitation, privileged mail, and unlimited out-going mail. And, Plaintiff does not provide any evidence to show how he was harmed by the page limitations. The limited number of pages is justified by the impact on mail room staff and prison resources needed to photocopy and shred incoming general correspondence. And, as noted by Defendants, Plaintiff proposes no reasonable alternatives which would fully accommodate his rights at a de minimis cost to the penological interest in safety and security. His unsupported allegation that guards smuggle more drugs in the prison than what came through the mail does not affect the court's conclusion that the policy is reasonably related to legitimate penological interests.

**IV.   Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary

Judgment (Doc. No. 61) be GRANTED, and Plaintiff's Complaint against Defendants be dismissed.

IT IS SO RECOMMENDED this 16th day of March, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE